CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 12 2019

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER L. JOHNSON, ) | |
| ) | Civil Action No. 7:19CV00465 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| DONALD CALDWELL, et al., ) | Senior United States District Judge |
| ) | |
| Defendants. ) | |

Walter L. Johnson, proceeding pro se, commenced this action by filing a form complaint against Donald Caldwell, the Commonwealth's Attorney for the City of Roanoke, and Douglas Hubert, a Virginia State Police Special Agent. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Background

The following facts are taken from the complaint and the attached exhibits. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider exhibits to a complaint in assessing its sufficiency).

In September of 2013, law enforcement officers executed a search warrant at the plaintiff's residence as part of an investigation by the Virginia State Police. During the search, computers, hard drives, photographs, and other items of personal property were seized by law enforcement officers. Ultimately, no charges were brought as a result of the search.

On July 14, 2017, Caldwell, on behalf of the Commonwealth, moved the Circuit Court for the City of Roanoke to order the destruction of 24 items seized during the investigation. "The Commonwealth represent[ed] to the Court that the listed items [had] been 'contaminated' with child pornography and [could not] be sanitized or cleaned for any future commercial use." July 14, 2017 Order, Dkt. No. 2-1. The Circuit Court granted the motion and "ordered that agents of the Virginia State Police destroy said such items listed on the attached document at a time and in a manner that is most practicable." Id. (capitalization omitted). The Court also required the filing of a certificate upon completion of the destruction.

The Commonwealth filed the requested certificate of destruction on September 26, 2017. The certificate indicates that the specified items of personal property were destroyed by Hubert on September 25, 2017, pursuant to the Circuit Court's order. See Certificate of Destruction, Dkt. No. 2-1 ("Pursuant to a written order of the Roanoke City Circuit Court dated July 14, 2017, the following items were destroyed at 1:30 p.m. on the 25th day of September, 2017 . . . by Virginia State Police Special Agent Douglas R. Hubert.").

At some point thereafter, the plaintiff contacted the Virginia State Police regarding the items seized from his residence. On June 11, 2019, a representative of the Virginia State Police emailed the plaintiff and advised him that the property had been destroyed pursuant to a court order issued on July 14, 2017. The plaintiff subsequently received a copy of the order and the certificate of destruction.

On June 24, 2019, the plaintiff filed a form complaint against Caldwell and Hubert. The plaintiff alleges that he "was never advised that proceedings had been undertaken to deprive [him] of [his] property." Compl. 3, Dkt. No. 2. Consequently, the plaintiff claims that the defendants deprived him of his property without due process of law, in violation of the Fourteenth

Amendment. He seeks to recover compensatory and punitive damages, and requests that the defendants be removed from their positions.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Because the plaintiff characterizes this action as one for violation of his right to due process, the court construes the complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiff's complaint fails to state a plausible claim under § 1983 against either of the named defendants.

Turning first to the claim against Caldwell, "the Supreme Court [has] held that prosecutors are absolutely immune from damages liability when they act as advocates for the State." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (citing Imbler v. Pachtman, 424 U.S. 409, 430–32 (1976)). Such immunity extends to "actions 'intimately associated with the judicial phase of the criminal process.'" Nero v. Mosby, 890 F.3d 106, 117–18 (4th Cir. 2018) (quoting Imbler, 424 U.S. at 430–31). It "also extends beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in 'initiating . . . judicial proceedings.'" Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006). To determine whether prosecutorial immunity applies, courts employ "a functional approach, looking to the nature of the function performed, without regard to the identity of the actor who performed it." Savage, 896 F.3d at 268 (internal quotation marks omitted). Additionally, the court must "focus on the 'conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful.'" Id. (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 271 (1993)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Id. (citing Imbler, 424 U.S. at 430–31).

Applying these principles, the court concludes that Caldwell was acting in his role as an advocate for the Commonwealth when he requested the entry of the order directing the Virginia State Police to destroy the property seized from the plaintiff's residence. Courts have held that prosecutors were acting as an advocate for the State when they "fil[ed] motions as part of the judicial process." Elmore v. City of Greenwood, No. 3:13-cv-01755, 2014 U.S. Dist. LEXIS 120416, at *20 (D.S.C. June 27, 2014); see also Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994) ("In these post-trial motions and preparations for appeal, Burch was still functioning as an

advocate for the State, and not in an investigatory capacity."). That is precisely what occurred here; Caldwell filed a motion for destruction of property on behalf of the Commonwealth. Consistent with the foregoing decisions, the court concludes that Caldwell is absolutely immune from damages liability related to such action.

The court likewise concludes that Hubert is absolutely immune from liability, since he acted pursuant to the Circuit Court's order in destroying the property seized from the plaintiff's residence. Courts have held that the law provides immunity for those whose actions are taken "in obedience to a judicial order or under the court's direction." McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972); see also Welch v. Saunders, 720 F. App'x 476, 480 (10th Cir. 2017) ("Under the doctrine of quasi-judicial immunity, 'officials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'") (quoting Moss v. Kopp, 559 F.3d 1155, 1163 (10th Cir. 2009)); Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) ("[L]aw enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity from suit in a section 1983 action."). The availability of immunity in such circumstances "does not depend on the officials researching the law, checking court records, or doing anything beyond looking at the face of the order." Welch, 720 F. App'x at 481. "Thus, for an order to be 'facially valid' means simply that it is valid on its face." Id.; see also Roland, 19 F.3d at 556 ("'Facially valid' does not mean 'lawful.' An erroneous order can be valid.'") (quoting Turney v. O'Toole, 898 F.2d 1470, 1473 (10th Cir. 1990)).

In this case, the Circuit Court's order, on its face, expressly directed agents of the Virginia State Police to destroy 24 specific items seized from the plaintiff's residence. Hubert, a Special Agent with the Virginia State Police, acted pursuant to that order in destroying the listed items on

September 25, 2017. Because the plaintiff is challenging conduct prescribed by a facially valid court order, the court concludes that Hubert is absolutely immune from liability related to such conduct.

Finally, the court notes that federal district courts have "no authority to . . . independently remove state officials from office." Files v. King, No. 1:17-cv-01632, 2018 U.S. Dist. LEXIS 154737, at *9 (N.D. Ala. July 31, 2018). Consequently, the plaintiff's request in this regard "neither states a claim on which relief can be granted nor states a remedy which this court can award." Id.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 12th day of July, 2019.

_____
Senior United States District Judge